Filed 6/26/25  P. v. Howard CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>KEITH NATAL HOWARD,<br><br>   Defendant and Appellant. | C101401<br><br>(Super. Ct. No. 62-188643B) |

Appointed counsel for defendant Keith Natal Howard asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

Late one evening, a witness saw a white truck tow a trailer out of a maintenance yard.  The trailer and its contents belonged to a country club.  The witness followed the truck until it stopped.  Two people exited the truck, detached the trailer, left it in the roadway, and drove away.

1

A responding officer observed the white truck and made a traffic stop. Defendant was the driver of the truck and admitted: " 'It was me. It was my idea to go steal stuff.' " The trailer and its contents were valued at more than $1,000.

The People charged defendant with attempted unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)) and grand theft (Pen. Code, § 487, subd. (a)). They further alleged defendant had a prior strike conviction. (Pen. Code, §§ 1170.12, 667, subds. (b)-(i).)

Defendant moved to dismiss his prior strike conviction. The trial court denied the motion, noting that although the prior strike conviction was remote, defendant was not outside the spirit of the three strikes law because the current offense was serious, defendant once again manifested a disregard for the property of others, his criminal record demonstrated a pattern of continuing criminality, he was only out of prison for six years before the theft offense, it appeared he engaged in thefts to maintain a drug lifestyle, and he had not made sufficient efforts on probation or parole to control his larcenous behavior or seek help with addiction. (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

As part of a plea agreement, defendant pleaded no contest to attempted taking or driving of a motor vehicle and admitted the prior strike conviction. Consistent with the agreement, the trial court sentenced defendant to the low term of eight months in state prison, doubled to 16 months for the strike. It also imposed minimum fines and assessments.

The trial court denied defendant's request for a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel

2

of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


_____/S/_____
MAURO, Acting P. J.


We concur:


_____/S/_____
DUARTE, J.


_____/S/_____
RENNER, J.